UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MYRA QUEEN FELICIANO

                Plaintiff,                  ORDER

                                              20-CV-6183-GRJ

      v.

ACTING COMMISSIONER OF SOCIAL
 SECURITY,

                Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

Pending before the Court is the Commissioner's Motion for Reconsideration and Modification of the March 17, 2022 Decision and Order and March 17, 2022 Judgment.  Docket No. 37.  In the motion and supporting memorandum the Commissioner requests reconsideration and modification of the Court's Decision and Judgment only to the extent that the Court remanded this action for calculation of benefits rather than for further administrative proceedings. Plaintiff has not filed a response and the time for doing so under SDNY Local Civil Rules 6.3 and 6.1(b) has passed. For the reasons discussed below, the Commissioner's motion is due to be granted. This matter will, therefore, be remanded for further administrative proceedings rather than for calculation of benefits.

On March 17, 2022, the Court entered its Decision and Order granting Plaintiff's Motion for Judgment on the Pleadings, denying the Commissioner's Cross-Motion for Judgment on the Pleadings and remanding the case for calculation of benefits on Plaintiff's claim for Supplemental Security Income benefits under Title XVI of the Social Security Act. The Court reversed and remanded the ALJ's decision for several reasons. The primary reason was that the ALJ did not comply with the treating physician rule when the ALJ afforded little weight to the opinion of a treating psychiatrist. Because of this error by the ALJ the Court concluded there was a conflict between the ALJ's RFC finding and the hypothetical questions posed to the vocational expert. Lastly, because of the error in addressing the opinion of the treating psychiatrist the Court found that the step three analysis was affected. The Court ultimately concluded that because the record was complete and contained persuasive proof of disabling mental health impairments remand for calculation of benefits was warranted.

The Commissioner does not challenge the Court's decision to reverse and remand but says that the case should have been remanded for further proceedings because the Court concluded the ALJ did not apply the proper legal standards when weighing the opinion of the treating psychiatrist and

then failed to obtain proper testimony from the vocational expert. Thus, according to the Commissioner, remand is appropriate to allow the ALJ to apply the appropriate legal principles when evaluating the opinion of the treating psychiatrist and then after making appropriate factual findings to obtain testimony from a vocational expert. The Court agrees. Here's why.

While there is no realistic challenge that the ALJ failed to properly apply the treating physician rule, the record does contain countervailing evidence and medical opinions. For example, both the psychiatric consultative examiner and reviewing psychologist opined that Plaintiff had only mild or moderate limitations in the four "Paragraph B" domains and there were notations in the treatment records that showed improvement in mental status exam findings and GAF scores. While this evidence does not change the ultimate result the ALJ was required to consider this evidence and take the evidence into consideration in evaluating Plaintiff's RFC and in evaluating the opinion of the treating psychiatrist. Because the ALJ failed to do this he should be required to reevaluate the opinion of the treating psychiatrist in light of all the evidence. Importantly, then the ALJ should make a new RFC assessment and once that assessment has been made the assessment should be included in hypothetical questions to a vocational expert. In short while the record strongly supports remand as

previously found by the Court because further evaluation and fact finding is required on remand it was not appropriate to remand this case for calculation of benefits rather than for further administrative proceedings.

Accordingly, because the ALJ should be given the opportunity to weigh the opinion of Dr. Nwokeji, the treating psychiatrist, in accordance with the treating physician rule and to make a finding about the weight to be given to his opinion, in the first instance, the Commissioner's motion is due to be granted

Accordingly, upon due consideration, it is **ORDERED**:

1.      The Commissioner's Motion for Reconsideration and Modification of the March 17, 2022 Decision and Order and March 17, 2022 Judgment, Docket No. 37, is **GRANTED.**

2.      The Decision and Order, Docket No. 35, is modified to provide that Plaintiff's Motion for Judgment on the Pleadings, Docket No. 24, is GRANTED, the Commissioner's Motion for Judgment on the Pleadings, Docket No. 30, is DENIED, and the case is remanded for further administrative proceedings.

3.      The Clerk's Judgment, Docket No. 36, is VACATED and the Clerk must enter an amended judgment providing that for the reasons stated in the Court's Decision and Order dated March 17, 2022 and as

further modified in the Court's Order granting the Commissioner's Motion for Reconsideration, dated May 19, 2022, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 24) is GRANTED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 30) is DENIED, and this case is REMANDED for further administrative proceedings.

Dated: May 19, 2022                    SO ORDERED:

                                       s/Gary R. Jones
                                       GARY R. JONES
                                       United States Magistrate Judge